**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000579
29-MAR-2018
10:32 AM**

NO. CAAP-17-0000579

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Petitioner-Appellee,
v.
JOZUA HFVAK, aka JON MAJOR, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 16-1-0325)

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-17-0000579 PURSUANT TO THE MOOTNESS DOCTRINE
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal for appellate court case number CAAP-17-0000579, it appears that the appeal of Respondent-Appellant Jozua Hfvak aka Jon Major (**Appellant Hfvak**) from the Honorable Colette Y. Garibaldi's written order filed on July 11, 2017, which memorialized the December 14, 2016 oral order is moot, because our review of the record reveals that on March 30, 2017, the Honorable William M. Domingo entered an order granting Petitioner-Appellee State of Hawaii's (Appellee State) "Ex Parte Motion To Withdraw Complaint Filed September 12, 2016, and Governor's Warrant Filed December 12, 2016, Without Prejudice," which finally determined, and, thus, ended all extradition proceedings in S.P. No. 16-1-0325 in a manner that is favorable to Appellant Hfvak.

> A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law. The rule is one of the prudential rules of judicial self-governance founded in concern about the proper - and properly limited - role of the courts in a democratic society. We have said the suit must remain alive throughout the course of litigation to the moment of final appellate disposition to escape the mootness bar. . . . Simply put, a case is moot if the reviewing court can no longer grant effective relief.

Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (citations, internal quotation marks, and brackets omitted; emphasis added). In light of the fact that the March 30, 2017 order effectively dismisses all proceedings in S.P. No. 16-1-0325, it appears that we can no longer grant effective relief to Appellant Hfvak, and his appeal is moot. The subsequent filing of the July 11, 2017 order that merely memorialized a December 14, 2016 oral order does not substantively change that result.

IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000579 is dismissed as moot.

DATED: Honolulu, Hawaiʻi, March 29, 2018.

Presiding Judge

Associate Judge

Associate Judge